**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOUREY NEWELL, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff

vs.

CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC

        Defendant.

Case No. 2:25-cv-05238-JFM

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF HIS RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Jourey Newell ("Plaintiff") submits this Notice of Supplemental Authority to advise the Court of a recent decision relevant to the Court's consideration of Defendant's Motion to Dismiss the Complaint (ECF No. 18).

On March 12, 2026, the United States District Court for the Eastern District of Pennsylvania denied a motion to dismiss raising arguments materially similar to those asserted by Defendant here in another case involving Mr. Newell, including the contention that text messages do not constitute "calls" under the Telephone Consumer Protection Act. *Newell v. RxLink Inc.*, Civil Action No. 2:25-cv-4270, ECF No. 43 (E.D. Pa. Mar. 12, 2026). Judge Perez in Newell was the first judge in a Third Circuit District Court to address the issue that text messages do not constitute "calls" under the Telephone Consumer Protection Act.

The motion to dismiss in *Newell* was fully briefed and supported by extensive additional

1

briefing, including a sur-reply and multiple notices of supplemental authority from both parties.

After considering that briefing, the court denied the motion. The Court's Order states, in its

entirety:

> "Upon consideration of Defendant's Motion to Dismiss (ECF 15), Plaintiffs' opposition (ECF 23) and the other supplemental briefing in this matter (ECF Nos. 33, 38, 39–41), it is hereby ORDERED that Defendant's motion is DENIED."

Although the Court did not issue a written opinion, the denial of the motion after extensive

briefing further confirms that the arguments advanced by Defendant here do not provide a basis

for dismissal at the pleading stage.

Shortly thereafter, Judge Henry arrived at the same conclusion in *Cole v. C/T Install Am.,*

*LLC*, 2026 U.S. Dist. LEXIS 63254 (E.D. Pa. Mar. 23, 2026), holding that "a text message falls

under [the] definition of a 'call' as set forth in § 227(c)(5)" and further concluded that "§ 227(c)

does include text messages within its definition of a 'telephone call.'" The court explained that a

"call" means "to get or try to get into communication by telephone," and that "[a] text message is

sent via telephone in an attempt to communicate with another person," with no requirement that

the communication be oral. Consistent with the statute's text, structure, and purpose, the court

denied the motion to dismiss, confirming that TCPA claims based on text messages are properly

pleaded. A copy of that decision is attached as Exhibit 1.

Plaintiff respectfully requests that the Court consider this authority in evaluating

Defendant's Motion to Dismiss.

Respectfully Submitted,

Dated: March 30, 2026

PLAINTIFF,
By his attorney

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
**Attorney for Plaintiff**

3