

**User Name:** Anthony Paronich
**Date and Time:** Monday, March 30, 2026 8:53 PM EDT
**Job Number:** 280050671

## Document (1)

1. *Cole v. C/T Install Am., LLC*
   **Client/Matter:** -None-
   **Search Terms:** Cole TCPA TExt message
   **Search Type:** Natural Language
   **Narrowed by:**

| Content Type | Narrowed by |
|---|---|
| | -None- |

 | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2026 LexisNexis

Anthony Paronich



Cited
As of: March 31, 2026 12:53 AM Z

# *Cole v. C/T Install Am., LLC*

United States District Court for the Eastern District of Pennsylvania

March 23, 2026, Filed

CIVIL ACTION NO. 25-3531

## Reporter

2026 U.S. Dist. LEXIS 63254 *; 2026 LX 152253

VIRGINIA *COLE*, on behalf of herself and others similarly situated, v. C/T INSTALL AMERICA, LLC

## Core Terms

install

## Counsel: [*1] For Virginia *Cole*, on behalf of herself and others similarly situated, Plaintiff: ANTHONY PARONICH, PARONICH LAW, P.C., Hingham, MA USA; Jeremy C. Jackson, Bower Law Associates, PLLC, State College, PA USA.

For C/T INSTALL AMERICA, LLC, Defendant: ANDREW W. MUIR, Law Office of Andrew W Muir LLC, Wyomissing, PA USA; JAMES B. SAYLOR, KELLEY DRYE & WARREN LLP., New York, NY USA; Steven W Schlesinger, Kelley Drye & Warren LLP, New York, NY USA.

**Judges:** CATHERINE HENRY, J.

**Opinion by:** CATHERINE HENRY

## Opinion

## ORDER

**AND NOW**, this 23rd day of March 2026, upon review of the Motion to Dismiss of Defendant, C/T Install America, LLC, Plaintiff's opposition thereto and Defendant's reply, as well as all supplemental authority provided by the parties, it is hereby

**ORDERED** as follows:

1. The Motion to Dismiss of Defendant, C/T Install America, LLC, (ECF No. 10) is **DENIED**[1].

---

[1] Defendant, C/T Install America, LLC, filed a motion to dismiss in this matter, claiming that this putative class action brought under the *Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq.* ("*TCPA*") should be dismissed for failing to state a claim. Plaintiff's Complaint asserts that Defendant violated the Do Not Call ("DNC") requirements of the *TCPA* by sending two *text messages* to her cell phone concerning window installation services. Defendant moved to dismiss, claiming: 1) Plaintiff's *TCPA* claim must fail because Plaintiff is not a "residential telephone subscriber;" 2) Plaintiff's *TCPA* claim must fail because the plain language of *Section 227(c) of the TCPA* does not regulate *text messages*; and 3) Plaintiff has failed to sufficiently allege a "willful" or "knowing" violation of the *TCPA* that would entitle her to an award of treble damages. ECF No. 11-1, Def's Memorandum in Support ("Memo") at 1-2. After a thorough review of the briefs of the parties, I find that Plaintiff sufficiently pled that she is a residential telephone subscriber, that *Section 227(c) of the TCPA* does in fact regulate *text messages*, and that Plaintiff sufficiently pled that Defendant committed a willful or knowing violation of the *TCPA*. Accordingly, Defendant's motion will be denied.

The *TCPA* was passed by Congress in 1991 to address consumer privacy concerns related to telemarketing. In drafting the *TCPA*, Congress "enacted detailed, uniform, federal substantive prescriptions and provided for a regulatory regime" administered by the Federal Communications [*2] Commission. *Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 383, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012)*. The *TCPA* authorized the creation of a nationwide Do Not Call registry and directed the FCC to establish a "list of telephone numbers of residential subscribers who object to receiving telephone solicitations," *47 U.S.C. § 227(c)(3)*, and to prohibit telemarketers from "making or transmitting a telephone solicitation" to phone numbers on the list. *Id.*, *§ 227(c)(3)(F)*. *Section 227(c)* provides a private right of action for persons who have received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations." *47 U.S.C. § 227(c)(5)*.

The regulations further provide that "[n]o person or entity shall initiate any telephone solicitation to [a] residential telephone subscriber who has registered his or her telephone number on the [DNC registry]." *47 C.F.R. § 64.1200(c)(2)*.

In the instant matter, Plaintiff alleges that her cell phone number was registered to the DNC list, and therefore, the marketing texts that she received from Defendant were violations of the ***TCPA***. Defendant argues that Plaintiff's claim must fail because she received ***text messages*** on her cell phone, which is not a residential phone, so she is not a "residential telephone subscriber." Defendant also argues that the text of the ***TCPA*** only permits recovery for "telephone calls" to a phone number on the DNC list, not ***text messages***.

First, as to Defendant's argument that Plaintiff is not a "residential telephone subscriber" because the messages in question were sent to her cell phone, I find this argument to be unavailing. Plaintiff's Complaint stated that she uses the phone in question as her "personal residential telephone number," and "does not use, and at no time used, [the phone] for business or commercial purposes." ECF No. 1, Complaint at ¶¶ 9-10. Further, Defendant makes no allegation that Plaintiff's phone is used for business purposes. Consistent with numerous courts who have addressed this issue, I find that a "residential subscriber" is not limited to a residential landline but rather can include a person who uses a cell phone for personal use. *See Isaacs v. USHEALTH Advisors, LLC, No. 24-216, 2025 U.S. Dist. LEXIS 152625, 2025 WL 2268359, at *3 (N.D. Ga. Aug. 7, 2025)*; *Harriel v. Bealls, Inc., No. 25-1165, 2025 U.S. Dist. LEXIS 158157, 2025 WL 2379617, at *2 (M.D. Fla. Aug. 15, 2025)*; *Wilson v. Hard Eight Nutrition, LLC, 804 F.Supp.3d 1141,1151 (D. Ore. June 24, 2025)*; *Loudermilk v. Maelys Cosmetics USA, Inc., No. 24-1866, 2025 U.S. Dist. LEXIS 256097, 2025 WL 3625779, at *3 (N.D. Ga. Dec. 11, 2025)*; *Showers v. Pelican Inv. Holdings Group, LLC, No. 23-2864, 2026 U.S. Dist. LEXIS 20276, 2026 WL 251730, at *6 (S.D. Ill. Jan. 30, 2026)*. *But see Moore v. Triumph CSR Acquisition, LLC, No. 23-4659, 2023 U.S. Dist. LEXIS 220876, 2023 WL 8601528, at *2-3 (N.D. Ill. Dec. 12, 2023)* (finding that a cell phone is not a residential phone).

Next, Defendant argues that *§ 227(c) of the **TCPA*** does not apply to ***text messages***, as the ***text*** of *§ 227(c)* provides relief only to an individual who has received "more than one **telephone call** within any 12-month period," as opposed to a ***text message***. 42 U.S.C. § 227(c)(5) (emphasis added). I note that at the time the ***TCPA*** was enacted in 1991, ***text messages*** did not yet exist, so Congress could not have specifically included ***text messages*** in the language of § 227(c). *See Keating v. Peterson's Nelnet, LLC, 615 F.App'x 365, 370 (6th Cir. 2015)* ("[T]he first ***text message*** was not sent until December 3, 1992. . .") However, in 2003 as part of its responsibility to administer the ***TCPA***, the **[\*3]** FCC issued regulations directing that the ***TCPA*** should be applied to ***text messages***. See *In re Rules & Regs. Implementing the **TCPA**, 18 FCC Rcd. 14014, 14115 (2003)*. ("[The ***TCPA***] encompasses both voice calls and text calls to wireless numbers . . ."); *47 C.F.R. § 64.1200(e)* (applying that ruling to the do-not-call restriction in *§ 64.1200(c)*). Despite this guidance from the FCC, Defendant argues that the plain language of § 227(c)

does not specifically regulate ***text messages*** and that ***texts*** are therefore excluded from protection under this section of the ***TCPA***. Memo at 2. Accordingly, I must determine whether the phrase "telephone call" as used in § 227(c) includes ***text messages***.

Initially, I note that prior to the Supreme Court's recent decisions in *Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024)*, and *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146, 145 S. Ct. 2006, 222 L. Ed. 2d 405 (2025)*, I was required to defer to the FCC's decision that a ***text message*** should be treated as a "telephone call" under the ***TCPA***. See *Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)*. This doctrine, called *Chevron* deference, was eliminated by the Supreme Court in *Loper Bright*, where the Court expressly overruled *Chevron* and stated that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright, 603 U.S. at 412*. The next year, in *McLaughlin Chiropractic*, the Court stated that courts must "determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic, 606 U.S. at 155*.

In performing this statutory interpretation of the ***TCPA***, I first examine the text of the ***TCPA*** itself, interpreting the words of the statute with their "ordinary, contemporary, common meaning." *Perrin v. United States, 444 U.S. 37, 42, 100 S. Ct. 311, 62 L. Ed. 2d 199 (1979)*. As discussed previously, § 227(c)(5) does not specifically include ***text messages***, so I must interpret the plain meaning of the phrase "telephone call" as used in that section. I note that Webster's Dictionary from **[\*4]** the time of the ***TCPA***'s passage in 1991 defines "call" in this context as "to get or try to get into communication by telephone." *Alvarez v. Fiesta Nissan, Inc., No. 25-343, 2026 U.S. Dist. LEXIS 14155, 2026 WL 202930, at *4 (S.D. Tex. Jan. 26, 2026)* (citing Webster's Ninth New Collegiate Dictionary 197 (1990)). A ***text message*** is sent via telephone in an attempt to communicate with another person. Based upon the definition of "call" at the time of the ***TCPA***'s passage, there was no requirement that the communication via telephone be oral. Therefore, I find that a ***text message*** falls under this definition of a "call" as set forth in § 227(c)(5), and my analysis could very well end there. However, for the sake of completeness, I will continue with the remainder of the statutory analysis.

Continuing on to examine the structure of the ***TCPA*** as a whole, I note that the Supreme Court as well as other courts have found that "calls" under § 227(b), a neighboring section of the ***TCPA***, include ***text messages***. *Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016)*. I also note that both §§ 227(b) and 227(c) use the same term - "telephone call." (§ 227(b) prohibits the initiation of "any **telephone call** to any residential telephone line" using an automated telephone system and § 227(c) protects a person who "receives more than one **telephone call** over a 12-month period.") As with other courts who examined the structure of the ***TCPA***, I find that it is "strongly persuasive. . . [that] a subsection of the same statute uses identical language," *Alvarez,*

*2026 U.S. Dist. LEXIS 14155, 2026 WL 202930 at \*6*. "The fact that the term 'call' as used in § 227(b) encompasses '*text messages*,' supports the interpretation that the term 'call' as used in § 227(c) also encompasses '*text messages*.'" *Mujahid v. Newity, LLC, No. 25-8012, 2025 U.S. Dist. LEXIS 221088, 2025 WL 3140725, at \*2 (N.D. Ill. Nov. 10, 2025)*. As further support, § 227(c) prohibits sending "telephone solicitations" to numbers on the DNC list, and the ***TCPA*** defines "telephone solicitations" as "the initiation of a telephone call or **message** for the purpose of encouraging the purchase or rental of . . . goods, or services, which is transmitted to any person." *47 U.S.C. § 227(a)(4)* (emphasis added). The structure of the entire ***TCPA*** leads to the conclusion that *§ 227(c)* does include ***text messages***.

In examining the purpose of the ***TCPA***, I again find that it leads to the conclusion that "call" as used in *§ 227(c)* includes ***text messages***. "The ***TCPA*** was enacted to 'protect the **[\*5]** privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers.'" *Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. June 19, 2009)*. Given Congress's expressly stated goal "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," *47 U.S.C. § 227(c)(1)*, "it strains belief to suggest that Congress silently determined that [ ] oral messages were more invasive or objectionable than written ones." *Wilson v. MEDVIDI Inc., No. 25-3996, 2025 U.S. Dist. LEXIS 198827, 2025 WL 2856295, at \*3 (N.D. Cal. Oct. 7, 2025)*. Congress intended the ***TCPA*** to protect the privacy of consumers from unsolicited marketing efforts, and a ***text message*** can be just as invasive as a phone call.

Lastly, I find that interpreting *§ 227(c)* to include ***text messages*** is consistent with both the previously discussed guidance from the FCC, as well as numerous decisions from other courts on this same issue. *See Mujahid, 2025 U.S. Dist. LEXIS 221088, 2025 WL 3140725, at \*2*; *Alvarez, 2026 U.S. Dist. LEXIS 14155, 2026 WL 202930, at \*4*; *Wilson v. MEDVIDI Inc., 2025 U.S. Dist. LEXIS 198827, 2025 WL 2856295, at \*3*. *Wilson v. Better Mortg. Corp., No. 25-5503, 2025 U.S. Dist. LEXIS 251694, 2025 WL 3493815 (S.D.N.Y Dec. 5, 2025)*; *Mey v. Liberty Home Guard, LLC, No. 23-281, 2026 U.S. Dist. LEXIS 739, 2026 WL 486556 (N.D. WV, Jan. 5, 2026)*. *But see Jones v. Blackstone Med. Servs., LLC, 792 F.Supp.3d 894, 899 (C.D. Ill. July 21, 2025)* (finding that *Section 227(c)* does not apply to ***text messages*** based on a plain reading of the ***TCPA*** and its implementing regulations); *Davis v. CVS Pharmacy, Inc., 797 F.Supp.3d 1270, 1273 (N.D. Fla. Aug. 26, 2025)* (finding that the text of *§ 227(c)* was clear and a ***text message*** was not a telephone call.); *Sayed v. Naturopathica Holistic Health, Inc., No. 25-847, 2025 U.S. Dist. LEXIS 209469, 2025 WL 2997759, at \*2 (M.D. Fla. Oct. 24, 2025)* (finding that *Section 227(c)* does not apply because "a ***text message*** is not a telephone call"); *Dilanyan v. Hugo Boss Fashions, Inc., No. 25-5093, 2025 U.S. Dist. LEXIS 254358, 2025 WL 3549868, at \*1 (C.D. Cal. Dec. 3, 2025)* (stating that the Court "reads the ordinary meaning of 'telephone call' to exclude '***text message***,'" and finding that *Section 227(c)* does not apply); **[\*6]**

2. C/T Install America, LLC, shall file an Answer to Plaintiff's Complaint within 20 days.

**BY THE COURT**:

/s/ Catherine Henry

**CATHERINE HENRY, J.**

---

**End of Document**

---

*Radvansky et al. v. 1-800-Flowers.com, Inc., No. 25-2811, 2026 U.S. Dist. LEXIS 32415, 2026 WL 456919, at \*3 (N.D. Ga. Feb. 17, 2026)* (stating that the "statutory text here is clear that only telephone calls are actionable under *§ 227(c)(5)*, not ***text messages***."). I recognize that some courts have analyzed this issue and come to a different conclusion, but my interpretation is consistent with the weight of authority. Accordingly, I find that nothing in the text, structure or purpose of the ***TCPA*** suggests the barring of ***text messages*** under *§ 227(c)* as proposed by Defendant, and I conclude that *§ 227(c)* includes ***text messages*** within its definition of a "telephone call."

As to the last issue argued by Defendant, I find that Plaintiff's Complaint sufficiently pleads a claim of "willful or knowing" violations of the ***TCPA*** so as to sustain a claim for treble damages at this stage of the case. Therefore, Defendant's motion will be denied.