IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOUREY NEWELL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>             Plaintiff,<br>                 v.<br><br>CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC,<br><br>             Defendant. | Case No. 2:25-cv-05238-JFM<br><br>CLASS ACTION<br><br>NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT |

**DEFENDANT CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC,
SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS CLASS ACTION COMPLAINT
PURSUANT TO FED. R. CIV. PRO. 12(b)(1) AND 12(b)(6)**

Defendant, Children's Dental Health Associates, LLC ("CDHA") submit this Notice of Supplemental Authority to advise the Court of four recent decisions relevant to the Court's consideration of Defendant's Motion to Dismiss Plaintiff's Class Action Complaint (ECF No. 18).

**I.** ***Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-2811-TWT, 2026 WL 45699 (February 17, 2026)**[1]

On February 17, 2026, The United Stated District Court for the Northern District of Georgia considered whether Section 227(c)(5) encompassed text messages and rendered a decisive and well-reasoned opinion that it did not, *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-2811-TWT, 2026 WL 45699 (February 17, 2026) (attached at Exhibit "A"). In *Radvansky*, the facts alleged by the plaintiff were nearly identical to the allegations in this instant matter. Namely,

---

[1] The plaintiff in *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-2811-TWT, 2026 WL 45699 (February 17, 2026), was represented by Anthony I. Paronich of Paronich Law, P.C.

the plaintiff alleged that he received text messages without his consent to his personal residential telephone number, which had been registered on the National Do Not Call Registry, and the text messages contained advertisements that were intended for someone other than Plaintiff. *Radvansky*, 2026 WL 456919, at *1.

In holding that Section 227(c)(5) does not apply to text messages, the Court observed that *McLaughlin Chiropractic Assoc., Inc. v. McKesson Corp., et al.*, 606 U.S. 146 (2025) ("*McLaughlin*") upended the law previously interpreting "telephone call[s]" to include text messages. *Id.* at *3. *McLaughlin* relied upon *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024), which held, consistent with precedent, that "every statute's meaning is fixed at the time of enactment." *Id.* (quoting *Loper Bright*, 603 U.S. at 400). This "sea of change" brought by *McLaughlin* "has left district courts to decide, with fresh eyes, whether § 227(c)(5)'s reference to 'telephone call[s]' also encompasses text messages." *Id. Radvansky* then applied statutory construction principles to reach the same conclusion as several other district courts, noting in its analysis that "Congress has amended the TCPA as recently as 2019 to add the phrase 'text message' in a neighboring provision, § 227(e)(8)(C), and chose to leave § 227(c)(5) unamended." *Id. Radvansky* therefore held that "[t]he statutory text here is clear that only telephone calls are actionable under § 227(c)(5), not text messages." *Id.*

The *Radvansky* court specifically considered the plaintiff's reliance on the United Stated Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). However, in *Campbell*, the Supreme Court "assumed but did not actually decide that issue [of whether text messages qualify as telephone calls under § 227(c)(5)] . . . and did not address the 'telephone call' language at issue in § 227(c)(5) but the broader prohibition on 'any call' in § 227(b)91)(A)(iii)." *Id.* at *4 (citing *Davis v. CVS Pharm. Inc.*, 2025 WL 2491195 (N.D. Fl Aug. 26, 2025), and

*Campbell-Ewald*, 577 U.S. at 156). *Campbell-Ewald* was also decided pre-*McLaughlin*.[2] *Id.* Therefore, a statutory analysis post-*McLaughlin* of § 227(c)(5) should find that *Campbell-Ewald* is no longer relevant. *Id.* at \*4; *see contra Cole v. C/T Install Am., LLC*, No. 2:25-cv-05238, U.S. Dist. 2026 LEXIS 63254, at \*2 (E.D. Pa March 23, 2026).

    **II.**    ***Stockdale v. Skymount Prop. Grp., LLC*, 2026 WL 591842, at \*2 (N.D. Ohio March 3, 2026)**

Two weeks later, the United States District Court for the Northern District of Ohio, Eastern Division, also held that Section 227(c)(5) did not encompass text messages in *Stockdale v. Skymount Prop. Grp., LLC*, 2026 WL 591842, at \*2 (N.D. Ohio March 3, 2026) (attached at Exhibit "B"). Noting that the TCPA does not define "telephone call" as used in Section 227(c)(5), and "recent Supreme Court precedent dictates that this Court must independently—and without any special deference to an agency interpretation—determine the statute's meaning," the *Stockdale* court analyzed the plain meaning of "telephone call" at the time Congress enacted the TCPA. *Id.* (citing *McLaughlin*, 606 U.S. at 155). Critically, "[i]n 1990, Webster's Dictionary defined the noun 'call' as 'the act of calling on the telephone' and 'telephone' as 'an instrument for reproducing sounds at a distance . . . 'one in which sound is converted into electrical impulses for transmission by wire.'" *Id.* at \*3 (quoting Merriam-Webster New Collegiate Dictionary (9th ed. 1990)) (citing *Loper Bright*, 603 U.S. at 400); *contra Cole,* 2026 U.S. Dist. LEXIS 63254, at \*2 (considering the definition of a "call" but not "telephone" at the time Congress enacted the TCPA).

---

[2] When unraveling the thread from the assumption ultimately made in *Campbell-Ewald* to the origin of that assumption, that origin is *Satterfield v. Simon & Shuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009), which relied upon the Federal Communications Commission's ("FCC") 2003 order dealing with "automatic telephone dialing system", "artificial or prerecorded message", and "automated or prerecorded telephone calls" under 227(b). *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order,* 18 FCC Rcd. 14014, 14115 (July 3, 2003).

After determining that the plain meaning of "telephone call" at the time Congress enacted the TCPA did not include modern-day text messages given that text messages do not reproduce sounds at a distance, the *Stockdale* court found that Section 227(c)(5) did not encompass text messages. *Id.* "Where, as here, the language of the statute is clear, the Court's analysis stops." *Id.* (citing *United States v. Choice,* 201 F.3d 837, 840 (6th Cir. 2000)).

### III.    *Richards v. Fashion Nova, LLC,* No. 1:25-cv-01145-TWP-MKK, 2026 WL 847568 (S.D. Indiana March 26, 2026)[3]

Just four days before the *Cole* decision, the United States District Court for the Southern District of Indiana, Indianapolis Division, considered the single issue of whether a text message is a "telephone call" under Section 227(c)(5) of the TCPA, and the court held that Section 227(c)(5) did not apply to text messages after thoughtfully considering the positions of the parties. *Richards v. Fashion Nova, LLC,* No. 1:25-cv-01145-TWP-MKK, 2026 WL 847568 (S.D. Indiana March 26, 2026) (attached at Exhibit "C"). "For many years, most courts assumed that a text message is a "telephone call" because the Federal Communications Commission ("FCC") said so," but *Loper Bright* held that courts "may not defer to agencies to interpret ambiguous statutes." 2026 WL 847568, at *2. *McLaughlin* further held that "courts are not bound by the FCC's interpretation of the TCPA." *Id.* As a result, "a flood of lawsuits seeking judicial interpretations of 'telephone call' under § 227(c)(5)" ensued. *Id.*

As part of the *Fashion Nova* court's statutory interpretation, and similar to the *Stockdale* court, the court reasoned that "the 1990 edition of Webster's Dictionary defined 'call' as 'the act of calling on the telephone,' and defined 'telephone' as 'an instrument for reproducing *sounds* at a distance.'" *Id.* (quoting Merriam-Webster New Collegiate Dictionary (9th ed. 1990)) (emphasis

---

[3] The plaintiff in *Richards v. Fashion Nova, LLC,* No. 1:25-cv-01145-TWP-MKK, 2026 WL 847568 (S.D. Indiana March 26, 2026), was represented by Anthony I. Paronich of Paronich Law, P.C.

in opinion). While the nonexistence of text messaging in 1991 is not dispositive, "telephone calls" as of 1991 and text messages today still differ in important ways, like where a telephone call requires a person to "pick up a call, listen to a voice, or tie up their phone's line." *Id.* at *3. "As such, this Court finds that text messages do not present the same type of nuisance that phone calls do and concludes that a text message is not merely a 'new application' of § 227(c)(5)." *Id.* (quoting *Wis. Central Ltd. v. United States*, 585 U.S. 274, 284 (2018)).

The *Fashion Nova* court further reasoned that the explicit reference to text messages elsewhere in the TCPA, including in Section 227(e), shows that "if Congress had wanted § 227(c) to apply to text messages, it knew how to say so." *Id.* at *4 (citing *Dilanyan v. Hugo Boss Fashions, Inc.,* No. 2:25-cv-05093-JLS-BFM, 2025 WL 3549868, at *2 (C.D. Cal. Dec. 3, 2025)). As the court is "in the business of statutory interpretation" but not in making policy considerations that "stray from the best reading of a statute, as written," the court held that "telephone call" under Section 227(c)(5) of the TCPA does not include text messages. *Id.* at *4-5 (internal quotation omitted).

The same, sound reasoning in *Fashion Nova* was applied to another matter decided the same day by the same court, *Richards v. Shein Distribution Corp,* No. 1:25-cv-01385-TWP-TAB, 2026 WL 847584 (S.D. Indiana March 26, 2026) (attached at Exhibit "D").[4]

## IV.    Conclusion

A statutory interpretation of Section 227(c)(5) is clear: a "telephone call" under Section 227(c)(5) is not a text message. Therefore, for the foregoing reasons, Children's Dental Health Associates ("CDHA") respectfully request that this Court dismiss Plaintiff's Class Action

---

[4] The plaintiff in *Richards v. Shein Distribution Corp,* No. 1:25-cv-01385-TWP-TAB, 2026 WL 847584 (S.D. Indiana March 26, 2026), was represented by Anthony I. Paronich of Paronich Law, P.C.

Complaint ("CAC") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure.

Respectfully submitted,

**CIPRIANI & WERNER, P.C**.

*/s/ Jill H. Fertel*
Jill H. Fertel
*/s/ Sarah Adams*
Sarah K. Adams
Cipriani & Werner
Three Valley Square, Suite 305
512 E. Township Line Rd
Blue Bell, PA 19422
Phone: (610) 567-0700
Fax: (610) 567-0712
jfertel@c-wlaw.com
sadams@c-wlaw.com
*Attorneys for Defendant Children's Dental*
*Health Associates, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2026, the foregoing document was filed using the United States District Court for the Eastern District of Pennsylvania ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Jill H. Fertel*
Jill H. Fertel