IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL**, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC,** <br><br> Defendant. | **Case No. 2:25-cv-05238-JFM** <br><br> **CLASS ACTION** <br><br> **DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES** |

**DEFENDANT CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC, ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, Children's Dental Health Associates, LLC ("CDHA"), by and through its undersigned counsel, Cipriani & Werner P.C., hereby Answers and asserts its Affirmative Defenses to the Class Action Complaint of Plaintiff, Jourey Newell ("Plaintiff"), as follows:

**Preliminary Statement**

1.      This paragraph does not contain any allegations to which a response is warranted. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent that any additional response is required, the averments are generally denied.

2.      This paragraph does not contain any allegations to which a response is warranted. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent that any additional response is required, the averments are generally denied.

1

3.      Admitted in part; denied in part. It is admitted that Plaintiff alleges a violation under the TCPA when he received two text messages from CDHA to a telephone number that he alleges is on the National Do Not Call Registry and that was made without Plaintiff's prior express written consent. It is denied that the two text messages were telephone solicitations or telemarketing calls as defined and prohibited under the TCPA. It is denied that the two text messages violated the TCPA. It is denied that express written consent was not obtained by CDHA to contact the telephone number to which Plaintiff alleges he received the texts. The remaining averments in this paragraph are generally denied.

4.      Denied. CDHA denies this allegation to the extent it characterizes a proposed nationwide class of other persons since a class has not been certified and CDHA denies that a class should be certified in this case. The remaining averments in this paragraph are generally denied.

5.      Denied. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. CDHA denies that a class should be certified in this case or that a class could be maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure. The remaining averments in this paragraph are generally denied.

## Parties

6.      Admitted.

7.      Admitted in part; denied in part. CDHA is a Delaware Limited Liability Company with a principal place of business in Nashville, TN.

## Jurisdiction & Venue

8.      Admitted.

9.      Admitted in part; denied in part. It is admitted that this Court has specific jurisdiction and venue is proper. It is denied that CDHA resides in this District. Rather, CDHA is

a Delaware Limited Liability Company with a principal place of business in Nashville, TN. CDHA conducts business in this District.

## The Telephone Consumer Protection Act

10. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent that any further response is required, the averments are generally denied.

### The National Do Not Call Registry

11. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent that any further response is required, the averments are generally denied.

12. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent that any further response is required, the averments are generally denied.

13. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent that any further response is required, the averments are generally denied.

## Factual Allegations

14. Admitted upon information and belief.

15. Admitted.

16. Denied. After reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied.

17.     Denied. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. Further, after reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied.

18.     Denied. After reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied.

19.     Denied. After reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied.

20.     Denied. After reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied.

21.     Admitted in part; denied as stated. It is admitted that on May 6, 2025, and June 25, 2025, CDHA sent two text messages to a telephone number provided by a parent and/or natural guardian for a patient after obtaining express consent to do so. The remaining averments are denied as stated.

22.     Admitted in part; denied as stated. It is admitted that on May 6, 2025, and June 25, 2025, CDHA sent two text messages to a telephone number provided by a parent and/or natural guardian for a patient after obtaining express consent to do so. The contents of the June 25, 2025, text is admitted. CDHA denies Plaintiff's mischaracterization of the May 6, 2025 text, the complete text for which appears as follows:



The sender is not in your contact list.
Report Junk

23.     Denied. After reasonable investigation, CDHA is without sufficient information to speak to the truth or falsity of the allegations in this paragraph, therefore they are generally denied.

24.     Denied. The purpose of the text messages was to remind an existing patient to schedule a dental appointment consistent with that patient's relationship with CDHA.

25.     Denied. After reasonable investigation, CDHA is without sufficient information to speak to the truth or falsity of these allegations, therefore they are generally denied.

26.     Denied. After reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied.

5

27.     Denied. After reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied.

28.     Denied. The allegations in this paragraph are denied and strict proof thereof is demanded at trial.

29.     Denied. After reasonable investigation, CDHA is without sufficient information to speak to the truth or falsity of these allegations, therefore they are generally denied. By way of further response, upon information and belief, the parent or guardian of a CDHA patient provided that phone number to CDHA for the purposes of receiving messages including those referenced in Plaintiff's Complaint. Consent was provided for the telephone number purported to receive text messages from CDHA.

30.     Denied. It is specifically denied that Plaintiff received any calls; moreover, CDHA denies that Plaintiff experienced any harm as a result of the conduct alleged in his Complaint, including deprivation of legitimate use of his phone or invasion of privacy. As to the balance of the allegations with respect to unknown and unnamed persons that may or may not exist, after reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied. Furthermore, CDHA denies this allegation to the extent it characterizes other call recipients as part of a proposed nationwide class of other persons since a class has not been certified and CDHA denies that a class should be certified in this case.

31.     Denied. After reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph, therefore they are generally denied. Furthermore, CDHA denies this allegation to the extent it

6

characterizes a "class" since a class has not been certified and CDHA denies that a class should be certified in this case.

## Class Action Statement

32.     CDHA incorporates by reference its responses to paragraphs one (1) through thirty-one (31) above as though fully stated herein.

33.     Admitted in part; denied in part. It is admitted only that Plaintiff has initiated a putative class action. It is denied that Plaintiffs can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

34.     Denied. This paragraph sets forth Plaintiff's proposed Class definition and does not require a response. To the extent that any additional response is required, CDHA denies the allegations. CDHA expressly reserves all rights to contend that other persons must be excluded from any class in the event that this Court were to grant certification in whole or in part.

35.     Denied. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure. By way of further response, CDHA expressly denies that Plaintiff would be an adequate representative of the proposed class in the event that any such class could be certified.

36.     Denied. This paragraph further sets forth Plaintiff's proposed Class definition and does not require a response. To the extent that any additional response is required, CDHA denies the allegations.

37.     Denied. After reasonable investigation, CDHA is without sufficient information to form a response as to the truth or falsity of the allegations contained within this paragraph,

therefore they are generally denied. Furthermore, CDHA denies this allegation to the extent it characterizes "members of the Classes" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

38.     Denied as stated. Pursuant to this Court's April 6, 2026, Order, Plaintiff's claim for injunctive relief is dismissed.

39.     Denied. The averments in this paragraph are generally denied. Further, CDHA denies this allegation to the extent it characterizes "the Class" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

40.     Denied. The averments in this paragraph are generally denied. Further, CDHA denies this allegation to the extent it characterizes "the Classes" and "Class members" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

41.     Denied. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. Further, CDHA denies this allegation to the extent it characterizes "Class members" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

42.     Denied. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

43.    Denied. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. Further, CDHA denies this allegation to the extent it characterizes "Class members" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

44.    Denied. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. Further, CDHA denies this allegation to the extent it characterizes "proposed Classes" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

45.    Denied. The averments of this paragraph are generally denied. This paragraph also contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. Further, CDHA denies this allegation to the extent it characterizes "proposed Classes" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

46.    Denied. The averments of this paragraph are generally denied. This paragraph also contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. Further, CDHA denies this allegation to the extent it characterizes "members of the Classes" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

47.     Denied. The averments of this paragraph are generally denied. This paragraph also contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. Further, CDHA denies this allegation to the extent it characterizes "Class members" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

48.     Denied. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. CDHA denies this allegation to the extent it characterizes "members of the Classes" since a class has not been certified, CDHA denies that a class should be certified in this case, and Plaintiff cannot properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

49.     Denied. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any further response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

50.     CDHA incorporates by reference its responses to paragraphs one (1) through forty-nine (49) above as though fully stated herein

51.     Denied. CDHA denies that the two text messages at issue were telemarketing calls and/or that it has—or Plaintiff has alleged—numerous and multiple violations of the TCPA. If any

calls were received to individuals whose numbers are registered on the National Do Not Call Registry, which CDHA denies, then such calls were errors despite routinely maintaining strict Do Not Call policies and procedures. Furthermore, CDHA denies the allegations in this paragraph to the extent said allegations characterize a "Class" since a class has not been certified, and CDHA denies that a class should be certified in this case.

52.    Denied. CDHA denies that the two text messages at issue were telemarketing calls and therefore violations of the TCPA and that any alleged violations, which CDHA denies, were negligent, willful, or knowing. By way of further response, this paragraph also contains conclusions of law to which no response is required.

53.    Denied. CDHA denies that the two text messages at issue were telemarketing calls and therefore violations of the TCPA and that any alleged violations, which CDHA denies, were negligent, willful, or knowing. By way of further response, if   any calls were received to individuals whose numbers are registered on the National Do Not Call Registry, which CDHA denies, then such calls were errors despite routinely maintaining strict Do Not Call policies and procedures. Therefore, CDHA denies that Plaintiff is entitled to any statutory damages. This paragraph also contains conclusions of law to which no response is required. Lastly, CDHA denies the allegations in this paragraph to the extent said allegations characterize a "Class" since a class has not been certified, and CDHA denies that a class should be certified in this case.

54.    Denied. Pursuant to this Court's April 6, 2026, Order, Plaintiff's claim for injunctive relief is dismissed.

**WHEREFORE**, Defendant, CDHA hereby demands judgment in its favor and against Plaintiff together with costs and attorneys' fees and any and all relief deemed proper by this Honorable Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Class Action Complaint and each cause of action asserted against CDHA is barred in whole or in part to the extent that he fails to allege facts sufficient to state a claim against CDHA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he failed to mitigate any alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Class Action Complaint, and each cause of action asserted against CDHA, is barred because CDHA routinely maintained strict and compliant Do Not Call ("DNC") policies and procedures, also known as "Safe Harbor" requirements. CDHA established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations, including maintaining written procedures to comply with the national DNC rules, training of personnel on those procedures, maintaining a list of numbers not to contact, accessing the national DNC database, and not using the DNC database for any reason other than compliance with the TCPA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Class Action Complaint, and each cause of action asserted against CDHA, is barred in whole or in part to the extent that CDHA had express written consent to send text messages to or call the telephone number to which Plaintiff received the alleged text messages.

### FIFTH AFFIRMATIVE DEFENSE

12

Plaintiff's Class Action Complaint, and each purported cause of action asserted against CDHA, is barred because the harm alleged by Plaintiff, if any, was not proximately caused by any unlawful policy, custom, practice, act, omission, and/or procedure promulgated and/or permitted by CDHA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Class Action Complaint, and each cause of action, is barred because Plaintiff have not plausibly alleged and cannot prove that CDHA proximately caused the injuries, and the injuries themselves, alleged by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

At all times material to the Class Action Complaint, CDHA itself employed reasonable industry standard policies and procedures with respect to the Do Not Call registry and all related regulations.

### TENTH AFFIRMATIVE DEFENSE

CDHA complied with all obligations set forth by Federal statute and regulation.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel by virtue of his own actions and inactions.

### TWELVETH AFFIRMATIVE DEFENSE

Plaintiff's Class Action Complaint, and each cause of action, is barred because at all times material, CDHA and its agents acted reasonably and with a good faith belief in the lawfulness of

their conduct based on all relevant facts and circumstances know by them at the time they acted, and their actions were not taken either willfully or knowingly in violation of the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Class Action Complaint, and each purported cause of action, is barred in whole or in part on the grounds that CDHA complied or substantially complied with all applicable laws underlying the Class Action Complaint or took reasonable efforts to comply with all applicable laws.

## RESERVATION OF RIGHTS

CDHA has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, defenses available. CDHA has not knowingly or intentionally waived any applicable separate and additional or affirmative defenses and reserves the right to raise additional defenses as they become known to it through discovery in this matter. CDHA further reserves the right to amend its answer and/or its separate and additional defenses accordingly and/or to delete separate and additional defendants that it determines are not applicable during the course of subsequent discovery.

/s/ Jill H. Fertel
Jill H. Fertel
/s/ Sarah Adams
Sarah K. Adams
Cipriani & Werner
Three Valley Square, Suite 305
512 E. Township Line Rd
Blue Bell, PA 19422
Phone: (610) 567-0700
Fax: (610) 567-0712
jfertel@c-wlaw.com
sadams@c-wlaw.com

14

*Attorneys for Defendant Children's Dental
Health Associates, LLC*

Dated: May 6, 2026