**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JOUREY NEWELL**, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

**CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC**

Defendant.

**CIVIL ACTION**

Case No. 2:25-cv-05238-JFM

**STIPULATED SPECIAL PROTECTIVE ORDER**

To facilitate production and receipt of information during discovery in this action, Plaintiff, Jourey Newell ("Plaintiff") and Defendant, Children's Dental Health Associates, LLC ("Defendant") agree to the entry of an order for the protection of information contained in documents that include structured data, including text-message transmission logs, delivery or disposition reports, opt-out data, and other text-message data, which will be produced in native format, that may be produced or otherwise disclosed or received from third parties during the course of this action.

Therefore, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that:

1. CONFIDENTIAL INFORMATION shall mean all information or material which is produced or disclosed to a receiving party which the producing or disclosing party considers in good faith to contain customer information, including complete telephone numbers, whether

embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing or disclosing party in the manner set forth herein.

2. All CONFIDENTIAL INFORMATION will bear "CONFIDENTIAL" on the document or, in the case of data produced in native form in Excel, will contain the "CONFIDENTIAL" designation in the document name, listed prior to the document's original name.

3. Any CONFIDENTIAL INFORMATION designated as set forth in Paragraphs 1 and 2 shall be handled by the receiving party or parties in accordance with this Order. The designation of information as CONFIDENTIAL INFORMATION, or reference to any category of information in this Order, shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable.

4. For purposes of this Order, a "qualified recipient" means:

a. any attorney of record in this action, including any attorneys working for the law firms of record in this action and any member of the staff of such attorneys.

b. any person, including dependent experts and consultants, for whom authorization is obtained under paragraph 7 below to receive CONFIDENTIAL INFORMATION, the Court and its staff and the members of the jury in this action.

5. CONFIDENTIAL INFOMRATION produced or disclosed to a receiving party shall be disclosed only to a qualified recipient of that party.

6. All CONFIDENTIAL INFORMATION produced or disclosed to a receiving party during the course of this litigation shall be used **only** for purposes of pre-certification discovery to determine the number of persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than

one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.[1] No CONFIDENTIAL INFORMATION shall be used by a receiving party, including Plaintiff's counsel or any third-party or agent thereof, to contact any persons whose information, including telephone number, appears in the CONFIDENTIAL INFORMATION.[2] No CONFIDENTIAL INFORMATION shall be stored for use in any other litigation nor any other purpose than those purposes described in Paragraph 11 below.

7. CONFIDENTIAL INFORMATION shall be held in confidence by each qualified recipient to whom it is disclosed and shall not be disclosed to any person who is not a qualified recipient.

8. Should a receiving party find it necessary or desirable in preparing for or conducting pretrial or trial proceedings in the action to disclose a producing party's CONFIDENTIAL INFORMATION to independent experts or consultants, or any person who is not a qualified recipient under the terms of paragraph 3 of this Order, a written notice shall be served on counsel for the producing party fully identifying such person by name, address, telephone number, present employer and position, the nature and extent of any ongoing contacts with the receiving party, and in the case of disclosure to persons other than independent experts or consultants, the designation of the CONFIDENTIAL INFORMATION proposed to be disclosed to such person, and explicitly stating that notice is being given pursuant to this order. Such notice

---

[1] Nothing in this Order shall be construed as an adoption, agreement, or otherwise of the class definition proposed in Plaintiff's Complaint (ECF No. 1).

[2] If Plaintiff's Counsel represents an individual in another legal action whose information is contained in the CONFIDENTIAL INFORMATION in this action, Plaintiff's Counsel will not be barred from speaking with his client, but Plaintiff's Counsel must disclose to Defendant the knowledge and identity of each individual whose information is contained in the CONFIDENTIAL INFORMATION within seven (7) days of discovery of same.

shall be accompanied by a written acknowledgement by the person to whom disclosure is proposed in substantially the form of Exhibit A attached hereto stating that he or she has read and understands this Order and agrees to be bound by its terms. If the producing party has a good faith, substantial objection to the proposed disclosure, it shall have ten (10) business days from service of the notice to serve counsel for the receiving party with a written objection to the disclosure stating in substance the reasons for objection then known to the producing party. The disclosure of CONFIDENTIAL INFORMATION shall not be made to such other person until eleven (11) business days after service of the notice by the receiving party; provided that if the producing party objects, the disclosure shall not be made except upon further order of the Court. In the event that a matter concerning such an objection is brought before the Court by the party proposing disclosure in a motion for such a further order, the burden will be upon the objecting party to establish that the interests of justice require that the disclosure of CONFIDENTIAL INFORMATION should not be made to such other person. In determining any such matter, the Court will give appropriate deference to each party's right to select its litigation and trial team, including independent experts or consultants.

9. In the event that any CONFIDENTIAL INFORMATION is included with or the contents thereof are in any way disclosed in any pleading, motion, deposition, transcript, or other paper filed with the clerk of the court, the CONFIDENTIAL INFORMATION shall be filed with the clerk of the court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

JOUREY NEWELL
v.

CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC

Civil Action No. 2:25-cv-05238-JFM

THE ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES

A duplicate copy of such filing with the CONFIDENTIAL INFORMATION deleted may be placed in the public record. Additionally, a duplicate copy of such filing in its entirety may be provided directly to the Judge's chambers.

10. In the event that CONFIDENTIAL INFORMATION necessary for CONFIDENTIAL INFORMATION of a party is sought during a deposition, the party shall state on the record that it asserts a claim of confidentiality with respect to such testimony and all persons in attendance at the deposition who, pursuant to this ORDER, are not qualified recipients shall be excluded from attendance at said portion of the deposition. The pages of the deposition transcript containing such testimony shall be collected in a separate transcript and marked as follows:

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

JOUREY NEWELL
v.
CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC

Civil Action No. 2:25-cv-05238-JFM

In the event of any dispute as to who may, pursuant to the terms of this Order, attend a deposition, the deposition shall be suspended pending a ruling of the Court.

11. If the producing party inadvertently discloses to a receiving party CONFIDENTIAL INFORMATION without designating it CONFIDENTIAL INFORMATION

in accordance with the terms hereof, said producing party shall promptly upon discovery of such inadvertent disclosure advise the receiving party in writing and the receiving party shall thereafter treat the information as CONFIDENTIAL INFORMATION under this Order. To the extent such CONFIDENTIAL INFORMATION may have been disclosed to persons other than qualified recipients hereunder, the receiving party shall make reasonable efforts to promptly retrieve the CONFIDENTIAL INFORMATION from such persons and to limit any further disclosure of the CONFIDENTIAL INFORMATION to persons other than qualified recipients thereafter.

12. Within forty-five (45) days after the conclusion of this action, including all appeals, upon written request by a producing party, the receiving party shall, at the producing party's option, either return to the producing party or destroy all physical objects and documents which contain CONFIDENTIAL INFORMATION and which were received from the producing party, and shall return to the producing party or destroy, in whatever form stored or reproduced, all reproductions of any such physical objects and documents. However, outside counsel for a party shall be entitled to retain one (1) copy of pleadings, correspondence, memoranda, notes and other work product materials which contain or refer to the CONFIDENTIAL INFORMATION but shall not be entitled to retain physical objects and documents produced by the other party and designated as containing CONFIDENTIAL INFORMATION.

13. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order when necessity so requires.

14. The provisions of this Order shall survive termination of this action for any reason whatsoever and the Court shall retain jurisdiction to enforce the provisions hereof.

**IT IS SO ORDERED**, with consent of the parties, this __________ day of October, 2026.

Dated: 11/8/2026

DocuSigned by:
Anthony Paronich
BE8BD1DACF1B4A7...

Counsel for Plaintiff

Dated: 11/6/26

Sarah Adams

Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:

JUDGE JOHN F. MURPHY