**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JOUREY NEWELL**, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

**CHILDREN'S DENTAL HEALTH ASSOCIATES, LLC**

Defendant.

**CIVIL ACTION**

Case No. 2:25-cv-05238-JFM

**STIPULATED ORDER GOVERNING ELECTRONIC DISCOVERY**

**AND NOW**, this day of October, 2026, after consideration of the foregoing capturing the agreement of the Parties, it is **ORDERED** as follows:

**1. Introduction.** This Stipulated Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of this Court. Nothing in this Stipulated Order is intended to alter or affect any party's rights or obligations under any order by this Court, but shall be construed instead, wherever possible, as consistent with any order by this Court.

**2. Cooperation.** The Parties are aware of the importance this Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure and Standing Orders of this Court, and Judge Murphy's Policies and Procedures. The parties acknowledge they have reviewed and shall reference the above-mentioned rules, orders, policies, and procedures when seeking to resolve discovery disputes about ESI during the pendency of this action.

3. **Liaison.** The parties have identified/will within **seven (7) days** identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **Preservation and Retention.** The parties have discussed their preservation obligations under Fed. R. Civ. P. 37(e) and agree that preservation of potentially relevant ESI will be reasonable and proportionate. The parties represent that they have taken reasonable and proportionate steps to suspend or modify regular or automatic policies or practices that would result in the loss of relevant documents. And to reduce the costs and burdens of preservation, attempt to avoid accusations of spoliation, and ensure ESI is preserved, the parties agree that:

a. Only ESI created or received between September 11, 2021, and September 11, 2025, will be preserved;

b. The parties have exchanged a list of ESI they believe should be preserved and the custodians, or general job titles of custodians, for whom they believe ESI should be preserved, e.g., “Sales Manager,” “Nurse,” and “Engineer.” The parties shall add or remove custodians as reasonably necessary;

c. The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

d. These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: none known at this time.

e. Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: N/A

f. In addition to the agreements above, the parties agree data from these sources could contain relevant information but under the proportionality factors, should not be preserved: N/A

**5. Search.** The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not. The parties will meet and confer in good faith regarding reasonable and proportionate methods for searching ESI, including, as appropriate, custodians, date ranges, search terms, and other search methodologies. Nothing in this Order requires disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable protection, including counsel's mental impressions or litigation strategy. The parties may propose reasonable search terms and other search methodologies. If discovery identifies additional custodians, terminology, systems, or information suggesting that additional searches are reasonably necessary, either party may propose supplemental searches, and the parties shall meet and confer in good faith concerning any such proposal.

**6. Production Formats.** Unless otherwise agreed, documents shall be produced as PDFs with Bates numbers and confidentiality designations, if applicable. Documents whose

usability would be materially impaired by conversion to PDF, including spreadsheets, databases, audio/video files, and similar materials, shall be produced in native or another reasonably usable format. **Structured data, including text-message transmission logs, delivery or disposition reports, opt-out or suppression data, and other text-message data, shall be produced in Microsoft Excel (.xls or .xlsx), CSV, or another reasonably usable electronic format that permits the data to be sorted, filtered, searched, and analyzed.** The parties shall meet and confer regarding any reasonable request for production of particular documents or data in a different format. Spreadsheets and other files whose usability would be materially impaired by conversion to an image format shall ordinarily be produced in native format. Native files shall be produced with metadata intact. Other ESI may be produced as text-searchable PDF or TIFF files, together with reasonably available metadata fields agreed upon by the parties. The parties will meet and confer regarding any reasonable request for native production of particular documents. The parties will meet and confer regarding appropriate fields and any masking or redaction necessary to address privilege, privacy, confidentiality, proportionality, or other legitimate concerns. Text-message transmission logs, delivery or disposition reports, and do-not-call/suppression lists shall be produced with all fields as maintained in the ordinary course of business, date and time stamps (with time zone identified), message content, delivery status, and any inbound responses.

**7. Documents Protected from Discovery.**

a. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this or any other proceeding. For example, the mere production of privileged or work-

product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

**8. Timing.** When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and that the initial production will be from the following sources and custodians: Counsel for the Parties. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**9. Costs.** Generally, the costs of discovery shall be borne by each party. But the Court will apportion the costs of e-discovery upon a showing of good cause.

**10. Modification.** This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**11. Protective Order or Confidentiality Agreement.** The terms of any protective order entered by the Court or confidentiality agreement agreed to by the parties are incorporated herein by reference and also govern all productions pursuant to this Stipulated Order.

**IT IS SO STIPULATED,** through Counsel of Record.

Date:

DocuSigned by:
Anthony Paronich
BE8BD1DACF1B4A7...

Counsel for Plaintiff(s)

Sarah Adams

Counsel for Defendant(s)

**IT IS SO ORDERED** that the foregoing agreement is **APPROVED**.

______________________________
**JOHN F. MURPHY, J.**